UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **AKEEM FULLER** | : | Case No. 1:21CV00451 |
| **3599 Village Drive** | : | |
| **Franklin, Ohio 45005** | : | Judge |
| | : | |
| and | : | |
| | : | |
| **NICK EVANS** | : | |
| **685 Versailles Drive** | : | |
| **Centerville, OH 45459** | : | |
| | : | |
| and | : | |
| | : | |
| **MARK LINQUIST** | : | |
| **3146 Elliot Avenue** | : | |
| **Dayton, OH 45420** | : | |
| | : | |
| vs. | : | |
| | : | |
| **WARREN COUNTY** | : | |
| **EDUCATIONAL SERVICE CENTER** | : | |
| **1879 Deerfield Road** | : | |
| **Lebanon, OH 45036** | : | |
| | : | |
| and | : | |
| | : | |
| **TOM ISAACS** | : | |
| **Superintendent of the Warren** | : | |
| **County Educational Service Center** | : | |
| **1879 Deerfield Road** | : | |
| **Lebanon, OH 45036** | : | |
| **In his official and individual** | : | |
| **capacities.** | : | |
| | : | |
| and | : | |
| | : | |
| **PAT PARÉ** | : | |
| **Senior Executive Director of the** | : | |
| **Warren County Educational** | : | |
| **Service Center** | : | |
| **1879 Deerfield Road** | : | |
| **Lebanon, OH 45036** | : | |
| **In his official and individual** | : | |
| **capacities.** | : | |

|  | : |
| --- | --- |
| and | : |
|  | : |
| **ALISHA DEAN** | : |
| **Program Supervisor of the Warren** | : |
| **County Educational Service Center** | : |
| **1879 Deerfield Road** | : |
| **Lebanon, OH 45036** | : |
| **In her official and individual** | : |
| **capacities.** | : |
|  | : |
| and | : |
|  | : |
| **WILEY COLLETT** | : |
| **Program Supervisor of the Warren** | : |
| **County Educational Service Center** | : |
| **1879 Deerfield Road** | : |
| **Lebanon, OH 45036** | : |
| **In his official and individual** | : |
| **capacities.** | : |
|  | : |
| **Defendants.** | : |

_____

## VERIFIED COMPLAINT AND JURY DEMAND
_____

Plaintiffs, Akeem Fuller, Nick Evans, and Mark Linquist for their complaint against Defendants, the Warren County Educational Service Center ("WC ESC"), Tom Isaacs, Pat Paré, Alisha Dean, and Wiley Collett, state as follows:

### I. Preliminary Statement

1. Plaintiffs Mr. Fuller, Mr. Evans, and Mr. Linquist are African Americans who are or have been employed by the WC ESC as paraprofessionals/teacher's aides assigned to the Laura Farrell Elementary School located in Franklin, Ohio.

2. On various occasions during the 2020-2021 school year, the individual Defendants advised Plaintiffs that messages conveyed on their clothing or face masks that spoke to issues of racism, police brutality, and racial inclusion, and the like, were offensive

2

or intimidating to their Caucasian coworkers and even to Caucasian citizens in the community. For all intents and purposes, Defendants prohibited Plaintiffs from wearing any form of clothing or facial coverings that might be considered a form of protest discomfiting to others, most especially Caucasians. These actions were made with the clear intent to deter and chill Plaintiffs and other employees from exercising their right to speak freely about matters of public concern and exhibited a blatant violation of the principle that government restrictions on speech be content or viewpoint neutral.

3. Plaintiffs bring this lawsuit pursuant to 42 U.S.C. § 1983 to vindicate their rights to free speech and to equal protection of the laws. Plaintiffs seek relief in the form of a declaration that Defendants' actions constitute a violation of the Free Exercise Clause of the First Amendment and racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment and temporary, preliminary, and permanent injunctive relief enjoining Defendants from engaging in continued violations of Plaintiffs' constitutional rights. Plaintiffs are further requesting compensatory and punitive damages as well as an award of their reasonable attorney's fees and costs in prosecuting this matter.

## II. Jurisdiction and Venue

4. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331 which provides original jurisdiction over cases presenting federal questions.

5. Venue is proper in this court because the events giving rise to these claims arose in the Southern District of Ohio.

## III. Parties

6. Plaintiff Akeem Fuller is a United States citizen and a resident of Warren County, Ohio.

7. Plaintiff Nick Evans is a United States citizen and a resident of Montgomery County, Ohio.

8. Plaintiff Mark Linquist is a United States citizen and a resident of Montgomery County, Ohio.

9. Defendant WC ESC is a local political subdivision which was created and organized under the authority of O.R.C. §§ 3311.05 and 3311.055 which provides learning, facilities, and opportunities within various school districts in southwest Ohio to meet the needs of students requiring specialized and focused intervention and support. WC ESC operates under the oversight of a locally elected Governing Board. The day-to-day operations of the district are conducted through local superintendents, treasurers, and other administrators.

10. Defendant Tom Isaacs is the Superintendent and Chief and Administrative Officer of WC ESC. Mr. Isaacs is sued in his official and individual capacities.

11. Defendant Pat Paré is the Senior Executive Director of Human Resources and Business Operations of WC ESC. Mr. Paré is sued in his official and individual capacities.

12. Defendant Alisha Dean is the Program Supervisor at the Laura Farrell Elementary School operated and maintained by WC ESC. Ms. Dean is sued in her official and individual capacities.

13. Defendant Wiley Collett is the Onsite Supervisor at the Laura Farrell Elementary School which is operated and maintained by WC ESC. Mr. Collett is sued in his official and individual capacities.

### IV. Statement of the Case

14. The Laura Farrell Elementary School ("Farrell School") is located at the Warren County Learning Center campus in Franklin, Ohio. Students at the Farrell School are drawn or assigned to WC ESC because they require specific and focused instruction and support. The Farrell School is geared towards providing specific training and education to students who have exhibited various behavioral issues. Mr. Fuller, Mr. Evans, and Mr. Linquist hold certificates as paraprofessionals in the areas of applied behavioral analysis.

15. The population at the Farrell School is comprised overwhelmingly of Caucasian students. The teachers and administrators at the school, including the named individual Defendants, are all Caucasian.

16. In or about the fall of 2020 school year, Plaintiffs and other teacher's aides of various races wore clothing and face masks (required by the COVID-19 pandemic) which conveyed messages reflecting social, political, and racial themes peculiar to the times. The most prominent of these themes pertained to controversy over police brutality that had become rampant throughout the nation, if not the world, in the wake of the death of George Floyd and other African Americans as a result of their encounters with predominately white law enforcement officials.

17. In engaging in this form of messaging, Plaintiffs were speaking in their capacity as citizens and not pursuant to or in the course of their responsibilities or duties as public employees of WC ESC.

18. The messages communicated on Plaintiffs' clothing and masks included "Black Lives Matter," "I Can't Breathe," "Unapologetically Black," and "Down With Racism." Defendants' reaction to these messages was decidedly negative and

5

oppositional. For example, in September 2020, Mr. Linquist was stopped in the hallway of the school by Defendants Ms. Dean and Mr. Collett. Mr. Linquist was wearing a Black Lives Matter t-shirt. He was told by Mr. Collett that a parent had called the school to lodge a complaint about the message displayed on his t-shirt. Mr. Collett told Mr. Linquist to "be careful" and "mindful" of what he was wearing.[1]

19. On another occasion, in or about the same time, Mr. Fuller was advised by Mr. Collett not to talk about "politics" or the matter of police brutality on school premises even after school functions had ended for the day.

20. Shortly thereafter, Mr. Evans wore a t-shirt to school that contained the phrase "8 Minutes – 46 Seconds."[2] He was told to report to Ms. Dean's office and informed that someone from the adjacent neighborhood had seen him walking close to the school premises while wearing the t-shirt. The alleged caller complained that the shirt was offensive and should not be worn in or near a school setting. Ms. Dean emphasized to Mr. Evans that the school "cannot be political" and therefore he had two choices: 1) remove the shirt; or 2) wear it inside out. Fearing discipline, including the potential loss of his employment, Mr. Evans wore the shirt inside out to hide its message. Subsequently and out of frustration that his constitutional rights had been and would continue to be infringed, Mr. Evans resigned from his position.

---

[1] WC ESC has a published dress code that provides the administration "the right to specify appropriate dress and grooming guidelines for all employees." Other than guidelines that employees report to work "physically clean, neat, modest, and well groomed, and in a manner consistent with community standards," (see WC ESC Dress Code policy #3216, 4216) there are no rules setting forth restrictions or limitations with respect to any messaging conveyed on articles of clothing worn by employees.

[2] The phrase "8 Minutes – 46 Seconds" is a reference to the length of time that Mr. Floyd was restrained by police officers in the incident that led to his death.

21. Following their conversations with Mr. Collett, Mr. Fuller and Mr. Linquist asked to meet with members of the WC ESC's administration to discuss its prohibition on messages speaking to issues of racism, police brutality, and racial inclusion. WC ESC's administration agreed to meet with Mr. Fuller and Mr. Linquist.

22. When Mr. Evans learned of this meeting, he asked Mr. Collett if he could attend the meeting. Mr. Collett told Mr. Evans that he could not attend the meeting because he was too emotionally involved.

23. Mr. Fuller and Mr. Linquist met with WC ESC administration in or about October 2020. During the meeting, Mr. Fuller pointed out to the administrators that Caucasian teachers had shown support for various causes of importance to them by wearing "Blue Lives Matter" shirts without incident or comment and that the school's parking lot was regularly filled with Caucasian teachers' cars adorned with Trump signage and paraphernalia supportive of the reelection of Donald Trump. Mr. Fuller complained that similar license to speak freely was not available to the African American school aides. Nonetheless, WC ESC administration told Mr. Fuller and Mr. Linquist that WC ESC would not alter its position on the subject.

24. Because of WC ESC's hostility to and effective ban on speech related to issues of racism, police brutality, and racial inclusion, Mr. Fuller wore less explicit messages advocating African American causes:

7











25. The hostility toward Plaintiffs' speech did not abate as the school year progressed. On or about June 10, 2021, Mr. Isaacs and Mr. Paré met with Mr. Fuller for a breakfast meeting at Cracker Barrel. At that meeting, Mr. Isaacs told Mr. Fuller that he had "intimidated" some of the Caucasian employees who were hesitant to even approach Mr. Fuller because of his "pro-black chip [he] wear[s] on [his] shoulders."

26. At that same meeting, Mr. Isaacs advised Mr. Fuller that in the coming school term he intended to transfer Mr. Fuller from the Farrell School to another elementary school in the district which serves a largely African American student body. Mr. Isaacs explained that this transfer was due to his need to place a black employee in the other school to cater to and attract African American students from a neighboring county which contained a large African American population.

27. Defendants' actions expressly banning Plaintiffs from wearing clothing and/or masks conveying messages of a distinctly political or social concern were intended

10

to have and, unless revoked or enjoined, will have the foreseeable effect of inhibiting or chilling Plaintiffs from freely exercising their freedom of speech.

28. Defendants' actions effectively banning Plaintiffs from exercising their rights to communicate their thoughts, opinions, or sentiments regarding matters of public concern by means of messages displayed on their clothing or facial coverings were conducted under color of state law and with a deliberate or reckless indifference to Plaintiffs' rights to free speech.

29. As a direct and proximate result of Defendants' actions, as previously described, Plaintiffs have suffered damages including denial of their constitutional rights to free speech and equal protection of the laws causing them emotional pain and suffering, humiliation, embarrassment, and damage to their professional reputations.

### V. Statement of the Claims

#### Count 1:
#### Denial of Free Speech

30. Plaintiffs incorporate paragraphs 1-29 of the foregoing Complaint as if fully rewritten herein;

31. Defendants' actions in banning Plaintiffs from wearing clothing or facial coverings containing speech on matters of public concern constitute a violation of the Free Exercise Clause of the First Amendment of the United States Constitution.

#### Count 2:
#### Viewpoint Discrimination

32. Plaintiffs incorporate paragraphs 1-31 of the foregoing Complaint as if fully rewritten herein;

33. Defendants' actions in prohibiting Plaintiffs' from wearing clothing or face masks conveying messages widely identified with the "Black Lives Matter" movement and

other related social or political themes such as pro diversity or racial inclusion constitutes viewpoint discrimination in violation of the First Amendment of the United States Constitution.

## Count 3:
## Prior Restraint

34. Plaintiffs incorporate paragraphs 1-33 of the foregoing Complaint as if fully rewritten herein;

35. Defendants' actions in admonishing, cautioning, warning, or intending to inhibit or dissuade Plaintiffs from wearing clothing or facial masks conveying messages of public concern constitute an inappropriate and unconstitutional chill on Plaintiffs' right to engage in speech protected by the First Amendment of the United States Constitution.

## Count 4:
## Disparate Discriminatory Impact

36. Plaintiffs incorporate paragraphs 1-35 of the foregoing Complaint as if fully rewritten herein;

37. Defendants' actions restricting Plaintiffs' speech due to its association or identity with the "Black Lives Matter" movement or related causes has had, or will have, a disparate and negative discriminatory impact on the terms and conditions of employment of African American employees at the Laura Farrell Elementary School, including Plaintiffs, in violation of the Equal Protection Clause of the Fourteenth Amendment.

## Count 5:
## Disparate Treatment

38. Plaintiffs incorporate paragraphs 1-37 of the foregoing Complaint as if fully rewritten herein;

39. Defendants' actions banning Plaintiffs' speech due to its association with the "Black Lives Matter" movement or related causes was intended to impose conditions in the terms of employment on African American employees at the Laura Farrell Elementary School, including Plaintiffs, that are more restrictive and less favorable than the terms and conditions of employment enjoyed by similarly situated Caucasian employees.

## **Prayer For Relief**

Wherefore, Plaintiffs Akeem Fuller, Nick Evans, and Mark Linquist demand judgment against Defendants Warren County Educational Service Center, Tom Isaacs, Pat Paré, Alisha Dean, and Wiley Collett and each of them, jointly and severally, as follows:

1. For a declaration that the actions of Defendants against Plaintiffs, as previously described, constitute violations of the Free Exercise Clause of the First Amendment of the United States Constitution;

2. For an award of preliminary and injunctive relief enjoining Defendants and any of their officials, agents, or anyone acting in association with them or on their behalf from enforcing content viewpoint policies or any other violations of the Free Exercise Clause of the First Amendment of the United States Constitution against Plaintiffs or any employee of the WC ESC on account of messaging on their clothing or face masks containing speech on matters of public concern;

13

3. For an award of compensatory damages in an amount to be determined at trial;

4. For an award of punitive damages against each of the individual Defendants in their personal capacities in an amount to be determined at trial;

5. For an award of Plaintiffs' reasonable attorney's fees and costs and for an award of such other relief in law or in equity to which Plaintiffs may be entitled under the premises.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Marc D. Mezibov
Marc D. Mezibov (OH No. 0019316)
Brian J. Butler (OH No. 0082675)
Daniel J. Treadaway (OH No. 0098000)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
mmezibov@mezibov.com
bbutler@mezibov.com
dtreadaway@mezibov.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiffs demand a jury trial to resolve all issues of fact related to this Complaint.

/s/ Marc D. Mezibov
Marc D. Mezibov (OH No. 0019316)

## VERIFICATION

STATE OF OHIO )
                                ) SS:
COUNTY OF HAMILTON )

Nick Evans, being first duly cautioned and sworn, deposes and states that he has personal knowledge of the facts asserted in this verified complaint and that the facts stated hereinabove are true.

_____
Nick Evans

Subscribed and sworn by Nick Evans before me, a Notary Public, on this 1st day of July, 2021.

DANIEL J. TREADAWAY
Attorney at Law
NOTARY PUBLIC, STATE OF OHIO
My Commission Has No Expiration Date
Section 147.03 O.R.C.

_____
NOTARY PUBLIC

My Commission Expires: Never

## **VERIFICATION**

STATE OF OHIO        )
                     )   SS:
COUNTY OF HAMILTON   )

Akeem Fuller, being first duly cautioned and sworn, deposes and states that he has personal knowledge of the facts asserted in this verified complaint and that the facts stated hereinabove are true.

_____
Akeem Fuller

Subscribed and sworn by Akeem Fuller before me, a Notary Public, on this 1st day of July, 2021.

_____
NOTARY PUBLIC

DANIEL J. TREADAWAY
Attorney at Law
NOTARY PUBLIC, STATE OF OHIO
My Commission Has No Expiration Date
Section 147.03 O.R.C.

My Commission Expires: Never